UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Atrix International, Inc. and Steven Riedel,

        Plaintiffs,

v.

Hartford Group Life Insurance Company,
CNA Group Life Assurance Company, and
Associated Financial Group, LLC,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 06-4140 ADM/JSM

---

Jerome S. Rice, Esq., Jerome S. Rice & Associates, P.A., Minneapolis, MN, on behalf of Plaintiffs.

Matthew R. Smith, Esq., Tomsche, Sonnesyn & Tomsche, P.A., Minneapolis, MN, argued on behalf of Defendant Associated Financial Group, LLC; and David W. Asp, Esq., Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN, appeared on behalf of Defendants Hartford Group Life Insurance Company and CNA Group Life Assurance Company.

---

## I. INTRODUCTION

On April 30, 2007, oral argument before the undersigned United States District Judge was heard on Defendant Associated Financial Group, LLC's ("Associated") Motion to Dismiss or for Summary Judgment [Docket No. 16]. For the reasons stated herein, Associated's Motion is denied.

## II. BACKGROUND[1]

Plaintiff Atrix International, Inc. ("Atrix") had a group life insurance policy with

---

[1] In this Motion to Dismiss or for Summary Judgment, the facts are viewed in the light most favorable to Plaintiff. See Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995); Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

Defendant Hartford Group Life Insurance Company ("Hartford").[2]  Compl. (Notice of Removal [Docket No. 1]) ¶ 2.  The policy was arranged by CFG Insurance Services ("CFG"), now Associated, through Defendant CNA Group Life Assurance Company ("CNA"), now Hartford.  Id. ¶¶ 2-3.  Associated was an authorized agent of Hartford.  Id. ¶ 5.

Plaintiffs Atrix and Steven Riedel ("Riedel") (collectively, "Plaintiffs") consulted Associated regarding coverage for Clifford Meacham ("Meacham").  Id. ¶ 4.  Meacham was the former President, Owner, and Chief Executive Officer of Atrix.  Id. ¶ 13.  Plaintiffs expressed to an Associated employee their specific need to insure Meacham's life to finance the purchase of Meacham's stock in Atrix.  Id. ¶¶ 7-8.  The employee advised Plaintiffs to obtain the coverage on their group policy.  Id. ¶ 9.  The form used to obtain coverage for Meacham was an "enrollment card for group life insurance" provided by the Associated employee to Plaintiffs.  Id. ¶ 10.  On February 19, 2001, Meacham signed the enrollment card, and listed his occupation as "Board Member."  Id. ¶ 11.  Until his death on January 6, 2006, Meacham, as a Board Member, worked many hours for Atrix, and was active in designing new products, financial assistance, attending meetings, troubleshooting, assisting with sales, attending board meetings, consulting, and planning.  Id. ¶¶ 15-16.  Prior to Meacham's death, Hartford accepted all premiums paid by Atrix for the insurance coverage on Meacham's life.  Id. ¶ 17.

Plaintiffs filed a claim with Hartford for payment of the policy's $50,000 life insurance benefit on Meacham's life.  Id. ¶ 18.  Hartford denied the claim on the basis that Meacham was not eligible for insurance because he was not "actively at work" at the time of his death.  Id. ¶

---

[2] Hartford avers that it was wrongly named in the Complaint, and that its true name is Hartford Life Group Insurance Company.  Notice of Removal [Docket No. 1].

19. Riedel corresponded with Hartford and explained that Meacham actively worked for Atrix until his death.  Id. ¶ 20.  Hartford continues to deny Plaintiffs' claim.  Id. ¶ 22.

In their Complaint, Plaintiffs allege state law claims for intentional and wrongful denial of their claim, breach of contract, and negligent advice, as well as claims under the doctrines of reasonable expectations, illusory coverage, promissory estoppel, and respondeat superior. Associated argues that Plaintiffs' claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144(a), and that Associated is not an ERISA fiduciary as that term is defined in 29 U.S.C. § 1002(21)(A).

### III. DISCUSSION

**A.    Standard of Review**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party.  Ossman, 825 F. Supp. at 880.  "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."  Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party.  Ludwig, 54 F.3d at 470.  The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial."  Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

Ordinarily, if a district court relies on "matters outside the pleadings" in considering a motion to dismiss, the motion to dismiss is converted to one for summary judgment.  BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 687-88 (8th Cir. 2003).  A court has "complete discretion" in determining whether to accept materials beyond the pleadings, but should not do so if the non-moving party has not yet had an opportunity to discover facts or evidence to support its allegations.  Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 701 (8th Cir. 2003); BJC Health Sys., 348 F.3d at 687-88.  However, the court may consider public records and matters that are "necessarily embraced by the pleadings."  Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).  In general, "[m]ost courts view matters outside the pleading[s] as including any written or oral evidence in support of or in opposition to the pleading[s] that provides some substantiation for and does not merely reiterate what is said in the pleadings." BJC Health Sys., 348 F.3d at 687.

Because matters outside the pleadings submitted by the parties are considered, and because neither party opposes treating this Motion as one for summary judgment, the Court will

treat Atrix's Motion as one for summary judgment.

**B.     Preemption**

Associated argues that Plaintiffs' state law claims are preempted by ERISA. ERISA's preemption clause states that ERISA's provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has recognized "that the express pre-emption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46 (1987) (citation omitted). The term "relate to" in the preemption clause has been "given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" Metro. Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985) (citation omitted). "In determining whether a state law has a forbidden connection to an ERISA plan," the Court should "look both to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of the state law on ERISA plans." Parkman v. Prudential Ins. Co. of Am., 439 F.3d 767, 771 (8th Cir. 2006). "A state law has . . . a prohibited reference to an ERISA plan if the state law 'acts immediately and exclusively upon ERISA plans or where the existence of ERISA plans is essential to the law's operation.'" Wilson v. Zoellner, 114 F.3d 713, 716 (8th Cir. 1997) (citation omitted).

"The pre-emption provision was intended to displace all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements." Metro. Life, 471 U.S. at 739 (citation omitted). "[T]he pre-emption clause is not limited to 'state

5

laws specifically designed to affect employee benefit plans.'" Pilot Life, 481 U.S. at 47-48 (citation omitted).  However, "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 n.21 (1983).

Plaintiffs' state law claims other than negligent advice are directly connected to the life insurance policy, and thus "relate to" an employee benefit plan and are preempted by operation of 29 U.S.C. § 1144(a).  Plaintiffs' claim for promissory estoppel is also preempted by ERISA. See Slice v. Sons of Norway, 34 F.3d 630, 633-35 (8th Cir. 1994).  Whether Plaintiffs' claim for negligent advice is preempted by ERISA is a much closer call.  The crux of Plaintiffs' claim is that Associated negligently advised them regarding which type of insurance coverage met their needs.  The acceptance of Associated's advice ultimately led to the denial of Plaintiffs' claim for life insurance benefits under the policy.  In a very broad sense, it could be said that Plaintiffs' negligent advice claim against Associated "relates to" Plaintiffs' group insurance policy, and thus is preempted by ERISA.  See Fink v. Union Cent. Life Ins. Co., 94 F.3d 489, 492-93 (8th Cir. 1996) (stating Plaintiff's misrepresentation and infliction of emotional distress claims are probably preempted); Consol. Beef Indus., Inc. v. New York Life Ins. Co., 949 F.2d 960, 964 (8th Cir. 1991) (stating state law claim for misrepresentation preempted by ERISA).  However, a more careful and precise examination of the connection between Plaintiffs' negligent advice claim and Plaintiffs' insurance policy leads the Court to conclude that Plaintiffs' negligent advice claim is not preempted by ERISA.  See Wilson, 114 F.3d at 717-22 (finding state common law claim for negligent misrepresentation not preempted by ERISA); c.f. Shea v. Esensten, 208 F.3d 712, 719 (8th Cir. 2000) (same).  Plaintiffs' negligent advice claim contains

no prohibited reference to ERISA, and bears only a remote connection to the insurance policy. Accordingly, Plaintiffs' state law "negligent advice" claim is not preempted by ERISA.

The Court's conclusion that Plaintiffs' state law claims, other than negligent advice, against Associated are preempted does not end the analysis. The Eighth Circuit has concluded that when state law is preempted by ERISA, the district court should determine whether the plaintiff's complaint "state[s] a cause of action under either an express provision of ERISA or federal common law." Slice v. Sons of Norway, 978 F.2d 1045, 1046 (8th Cir. 1992). Plaintiffs argue that Associated "was an ERISA fiduciary and Plaintiffs' complaint should be construed as also asserting claims for breach of fiduciary duty and related claims and remedies as provided by ERISA." Pls.' Mem. in Opp'n [Docket No. 25] at 18-19. Pursuant to Plaintiffs' request, the Court will construe Plaintiffs' preempted state law claims against Associated as an ERISA claim for breach of fiduciary duty.

**C.      Breach of Fiduciary Duty**

Associated next argues that Plaintiffs' claims should be dismissed because it is not an ERISA fiduciary. "The term fiduciary is to be broadly construed and a person's title does not necessarily determine if one is a fiduciary." Consol. Beef, 949 F.2d at 964. Under ERISA, "[i]nsurance agents can become fiduciaries by participating in the administration of a benefit plan, managing the plan's assets, or providing investment advice for compensation about the plan's money or property." Fink, 94 F.3d at 493 (citing 29 U.S.C. § 1002(21)(A) (defining fiduciary); Olson v. E.F. Hutton & Co., 957 F.2d 622, 626 (8th Cir. 1992)). "Persons who provide professional services to plan administrators are not ERISA fiduciaries unless they transcend the normal role and exercise discretionary authority." Kerns v. Benefit Trust Life Ins.

Co., 992 F.2d 214, 217-18 (8th Cir. 1993) (internal quotation marks omitted).  A person who merely sells his company's financial products for a commission does not provide investment advice and is not an ERISA fiduciary.  Consol. Beef, 949 F.2d at 965.  Plaintiffs must show Associated "crossed the line between insurance broker and fiduciary."  Fink, 94 F.3d at 493.

      Plaintiffs argue that Associated acted as a fiduciary and breached its fiduciary duties by providing substandard investment advice regarding insurance products.  To support their assertions, Plaintiffs allege that Associated represented to Plaintiffs that they were experts in meeting Plaintiffs' group insurance needs, and Plaintiffs relied on Associated's representations.  Moore Aff. [Docket No. 27] ¶¶ 1a, 3; Nelson Aff. [Docket No. 26] ¶ 3.  Plaintiffs also allege that Associated "advised us relative to canceling our prior plan, provided the cancellation letter for us, and picked up the enrollment cards."  Moore Aff. ¶ 2; see also Nelson Aff. ¶ 2, Exs. 1-3.  Also, Plaintiffs met with Associated employees two to four times in late 2000 through 2001 regarding the group life and health insurance plans, and relied on Associated to spot problems in their coverage.  Moore Aff. ¶¶ 1a, 3; Nelson Aff. ¶ 3.

      Associated argues it merely performed a standard insurance agency function by providing Plaintiffs with a boilerplate cancellation letter that Plaintiffs used to cancel their old insurance policy, and was acting as a life insurance sales agent earning commissions and not as a fiduciary under ERISA.  Caralyn Anderson, Plaintiffs' agent of record at Associated, avers "[a]t no time did I participate in the administration of the benefit plan, manage the plan's assets, or provide investment advice for compensation about the plan's money or property."  Anderson Aff. [Docket No. 19] ¶ 4.

      The Court finds that Plaintiffs have set forth sufficient facts to create a genuine issue of

material fact which should be explored in discovery. Whether Associated provided Plaintiffs with investment advice, thus "crossing the line" between insurance broker and ERISA fiduciary, is a factual determination which is inappropriate to reach on the record before the Court. Because a genuine issue of material fact exists, summary judgment is inappropriate at this time.[3]

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Associated Financial Group, LLC's Motion to Dismiss or for Summary Judgment [Docket No. 16] is **DENIED**.

BY THE COURT:

      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 19, 2007.

---

[3] Whether Associated can even be considered to be a fiduciary under ERISA seems unlikely on the facts presented to date. However, on the slim record before it, and the relative paucity of argument from the parties on these issues, a claim for breach of fiduciary duty under ERISA should remain for discovery.