**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Atrix International, Inc. and Steven Riedel,

        Plaintiffs,

v.

Hartford Life Group Insurance Company,
CNA Group Life Assurance Company, and
Associated Financial Group, LLC,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 06-4140 ADM/JSM

_____

Jerome S. Rice, Esq., Jerome S. Rice & Associates, P.A., Minneapolis, MN, on behalf of Plaintiffs.

Matthew R. Smith, Esq., Tomsche, Sonnesyn & Tomsche, P.A., Minneapolis, MN, on behalf of Defendant Associated Financial Group, LLC.

Eric C. Tostrud, Esq., and David W. Asp, Esq., Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN, on behalf of Defendants Hartford Life Group Insurance Company and CNA Group Life Assurance Company.
_____

## I. INTRODUCTION

On November 2, 2007, the undersigned United States District Judge heard oral argument on Defendants Hartford Life Group Insurance Company ("Hartford") and CNA Group Life Assurance Company's ("CNA") Motion for Summary Judgment [Docket No. 37]. For the reasons stated herein, Defendants Hartford and CNA's motion is granted.

## II. BACKGROUND[1]

Plaintiff Atrix International, Inc. ("Atrix") provided its employees life insurance benefits under a CNA group insurance policy. HART000002 (Tostrud Aff. [Docket No. 40] Ex. 1).[2] The policy was arranged by CFG Insurance Services, now Associated Financial Group, LLC ("Associated"). HART000060; Def. Associated Answer ¶ 3. Hartford later acquired the policy from CNA. HART000073. The terms of the policy specified the following individuals were eligible for coverage: "All full-time employees of [Atrix] working in the United States of America who are Actively at Work for [Atrix]. A full-time employee is one who regularly works a minimum of 30 hours per week for [Atrix]." HART000004. The policy defines "Actively at Work" as "1) working at Your employer's usual place of business, or on assignment for the purpose of furthering the employer's business; and 2) performing the Material and Substantial Duties of Your regular occupation on a full-time basis." HART000024.

As explained in the Court's prior Order [Docket No. 33], Atrix alleges that it consulted Associated regarding coverage for Meacham and relied on Associated to identify any problems in its coverage. Atrix contends that in reliance on Associated's advice it purchased a group life insurance policy and in 2001, enrolled Clifford Meacham, the former president, owner, and CEO of Atrix, in the policy. HART000094. At the time of his enrollment, Meacham reported that he earned a salary of $50,000 per year and listed Plaintiffs as the beneficiaries to his policy. HART000064, 72, 94. In 2004, Meacham filed a enrollment change report in which he changed

---

[1] On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).

[2] The administrative record is Exhibit 1 of Tostrud's Affidavit. The Bates Stamp number (beginning with the preface "HART") is cited to refer to specific pages within the record.

his reported salary from $50,000 per year to $100,000.  After Meacham's death on January 6, 2006, Atrix filed a claim for payment of the policy's $50,000 life insurance benefit on Meacham's life.  HART000090.

On February 21, 2006, Hartford denied Atrix's claim for benefits.  HART000076.  Hartford explained that because "Mr. Meacham was not considered an active full time employee working a minimum of 30 hours per week and receiving a Basic Annual Salary as defined in the policy," it denied Atrix's claim.  HART000077.  Atrix appealed Hartford's decision and submitted in writing the reasons it believed Hartford should pay its claim for benefits.  In support of Meacham's status as a full-time employee, Plaintiff Steven Riedel stated: "I am sure that he spent more than 30 hours a week thinking, advocating, consulting, and planning for Atrix's continued success."  HART000073.  Hartford reconsidered Atrix's claim for benefits but affirmed its denial of Atrix's claim.  HART000069.  Hartford again stated that Atrix was not entitled to payment of its claim because Meacham did not work the requisite 30 hours per week necessary to qualify as a full-time employee.  HART000070.

Plaintiffs subsequently filed suit.  In their Complaint [Docket No. 1] they allege state law claims for intentional and wrongful denial of their claim for benefits, breach of contract, and negligent advice (asserted against Hartford and CNA under the theory of respondeat superior), as well as claims under the doctrines of reasonable expectations, illusory coverage, and promissory estoppel.

Associated filed a Crossclaim against Hartford and CNA (collectively "Hartford") for contribution [Docket No. 11].  The Court has already addressed Associated's Motion to Dismiss and for Summary Judgment [Docket No. 16] and held that Atrix's state law claims against

Associated are preempted by ERISA except Atrix's negligent advice claim. Atrix's other state law claims were construed as a claim of breach of fiduciary duty under ERISA.

Pursuant to Hartford's motion, the Court now addresses Atrix's claims against Hartford. Hartford argues that Plaintiffs' state law claims are preempted by ERISA and should be construed as a claim for benefits under 29 U.S.C. § 1132, that Plaintiffs' negligence claim is preempted by ERISA, as is Associated's crossclaim for contribution.

### III.  DISCUSSION

**A.     Standard of Review**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig, 54 F.3d at 470. The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B.     State Law Claims**

Hartford argues that Plaintiffs' state law claims are preempted by ERISA. ERISA's preemption clause states that ERISA's provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

Plaintiffs do not dispute that their claims of intentional and wrongful denial, breach of contract, and claims under the doctrines of reasonable expectations, illusory coverage, and promissory estoppel are preempted but contest whether their claim for negligent advice is preempted. The Court has previously determined that "Plaintiffs' negligent advice claim contains no prohibited reference to ERISA." 7/19/07 Order [Docket No. 33] at 6-7. Here, the crucial question in determining whether Plaintiffs' claim against Hartford is preempted is whether the claim has a connection to the policy. See Metro. Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985) (explaining that the term "relate to" in the preemption clause has been "given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan'") (internal citations omitted).

Hartford contends that Plaintiffs' negligence claim requires interpretation of the plan's terms and involves a plan fiduciary such that the negligence claim is preempted by ERISA. Relying on Wilson v. Zoellner, 114 F.3d 713 (8th Cir. 1997), Atrix argues against preemption contending that its negligent advice claim bears only a remote connection to the policy. Hartford contends that Wilson is distinguishable from the present case and does not support Atrix's contention that its negligent advice claim is not preempted.

In Wilson, the Eighth Circuit addressed whether a claim of negligent misrepresentation against an insurance agent had a prohibited connection with an ERISA plan. Id. at 717. The Eighth Circuit explained that in deciding whether a state law has a forbidden connection to ERISA it looks "'both to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of the state law on ERISA plans.'" Id. (quoting Cal. Div. of Labor Standards Enforcement v. Dillingham

Constr., 519 U.S. 316, 317 (1997)).  The Eighth Circuit then set forth the factors it considers in evaluating the effect of a state law on an ERISA plan:

> [1] whether the state law negates an ERISA plan provision, [2] whether the state law affects relations between primary ERISA entities, [3] whether the state law impacts the structure of ERISA plans, [4] whether the state law impacts the administration of ERISA plans, [5] whether the state law has an economic impact on ERISA plans, [6] whether preemption of the state law is consistent with other ERISA provisions, and [7] whether the state law is an exercise of traditional state power.

Id.  "In conducting this analysis, 'the court must still look to the totality of the state statute's impact on the [ERISA] plan–both how many of the factors favor preemption and how heavily each individual factor favors preemption are relevant.'"  Id. (quoting Ark. Blue Cross & Blue Shield v. St. Mary's Hosp., Inc., 947 F.2d 1341, 1345 (8th Cir. 1991)).

Looking to the first factor, Atrix seeks full payment of its claim under the policy as damages for Associated's alleged negligent advice.  Because Atrix seeks payment of its claim, its negligent advice claim negates a provision in the plan.  See Wilson, 114 F.3d at 718 (concluding that Wilson's claim did not negate a provision in the plan because he did not seek benefits under the ERISA plan).

The second factor, affect on relations between ERISA entities, further weighs in favor of preemption.  Atrix asserts Hartford is vicariously liable for the alleged negligence of Associated.  As the Eighth Circuit explained in Wilson, liability relating to the fiduciary's incidental employment of the negligent agent (and not its administration of the ERISA plan) does not affect relations between primary ERISA entities.  Id.  However, if the fiduciary's liability related to the plan, as in a case where the plan would be required to indemnify the agent, then the action would be preempted by ERISA.  See id. (citing Home Health, Inc. v. Prudential Ins. Co., 101 F.3d 600,

606 (8th Cir. 1996)). If Atrix had sought damages relating to Hartford's agency relationship with Associated that did not relate to the plan, this factor would not favor preemption but that is not the fact pattern here. Because Atrix seeks payment of its claim, a finding in its favor would affect relations between primary ERISA entities, thus supporting preemption.

The third factor weighs against preemption. As was the case in Wilson, Associated's alleged negligent advice could not modify the plan and thus Atrix's negligent advice claim does not impact the structure of the plan. It does not appear that Atrix's negligent representation claim will impact the administration of the plan and thus the fourth factor similarly does not weigh in favor of preemption.

Because Plaintiffs seek payment of their claim as damages for Associated's alleged negligence, allowing their state claim to proceed against Hartford could have a direct economic impact on the plan and thus the fifth factor favors preemption. As was the case in Wilson, there is no specific provision of ERISA to evaluate for consistency with state law. Accordingly, the sixth factor is neutral. The seventh factor, however, does not support preemption because the common-law doctrines of negligence and vicarious liability are traditional exercises of state power.

The combined effect of the factors requires preemption of Atrix's negligent advice claim against Hartford under the theory of respondeat superior. Of most significance is that Atrix's claim against Hartford would negate a provision in the plan and affect relations between primary ERISA entities.

Having determined that all of Atrix's state law claims against Hartford are preempted by ERISA, the question then becomes whether Atrix's complaint "state[s] a cause of action under

7

either an express provision of ERISA or federal common law." Slice v. Sons of Norway, 978 F.2d 1045, 1046 (8th Cir. 1992). Atrix's claim for payment of its benefits claim may properly be construed as a claim under 29 U.S.C. § 1132(a)(1)(A). Under section 1132(a)(1)(A), an ERISA participant or beneficiary may bring a civil action to "recover benefits due to him under the terms of his plan."

**C.     ERISA Claim for Benefits–29 U.S.C. § 1132(a)(1)(A)**

In reviewing a plan administrator's denial of benefits, the standard of review is de novo unless the plan gives the "administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). "If the plan gives such discretionary authority, the court reviews the plan administrator's decision for abuse of discretion." Cash v. Wal-Mart Group Health Plan, 107 F.3d 637, 640-41 (8th Cir. 1997). In a provision entitled "DISCRETIONARY AUTHORITY" the policy provides:

> The plan administrator and other plan fiduciaries have discretionary authority to determine Your eligibility for and entitlement to benefits under the Policy. The plan administrator has delegated sole discretionary authority to Hartford Life Group Insurance Company to determine Your eligibility for benefits and to interpret the terms and provisions of the plan and any policy issued in connection with it.

HART000027. Given the discretion afforded to the plan administrator, the Court reviews Hartford's decision to deny Atrix's claim for benefits under an abuse of discretion standard. In reviewing Hartford's decision for an abuse of discretion, the Court must determine whether the decision was reasonable, that is whether it was supported by substantial evidence. Cash, 107 F.3d at 641. The decision will be deemed reasonable if "a reasonable person *could* have reached

a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision." Id.

Hartford contends that its decision to deny benefits was not an abuse of discretion because the evidence in the record establishes that Meacham was not an eligible beneficiary. Hartford determined Meacham was not eligible because he was not an active employee as defined in the policy. Atrix had reported in its claim form that Meacham's last day of work was May 12, 2005, more than six months before his death. Further, Hartford contends that Meacham was not earning a basic annual salary and thus his salary for the purpose of determining his benefits under the plan was zero. Atrix relies on Riedel's statement that Meacham was engaged in thinking and planning for Atrix more than thirty hours per week. Atrix also cites to evidence outside the administrative record to support its contention that Meacham was an eligible beneficiary. Under the deferential abuse of discretion standard, the record is limited to the evidence that was before the plan administrator. Cash, 107 F.3d at 641. Accordingly, Atrix's outside evidence may not be considered.

Although Riedel averred he was sure Meacham spent at least thirty hours per week in efforts on behalf of Atrix, the record is lacking any evidence of such actions. There simply is no evidence from which the plan administrator could have reasonably concluded that Meacham worked thirty hours per week. Accordingly, the Court cannot say that Hartford abused its discretion when it determined Meacham was not a member of the eligible class of beneficiaries and denied Atrix's claim.

**D.      Associated's Crossclaim for Contribution**

In its Answer and Crossclaim, Associated asserts that any liability it has to Plaintiffs is subject to contribution or indemnification from Hartford.  Citing <u>Travelers Casualty & Surety Co. of America v. IADA Services Inc.</u>, 497 F.3d 862 (8th Cir. 2007), Hartford asserts that any state law claim for contribution or indemnification is preempted.  Associated contends that because it seeks contribution for potential liability arising from Atrix's state law claim, and not Plaintiffs' breach of fiduciary duty claim asserted against it under ERISA, <u>Travelers</u> is distinguishable and its claim for contribution remains.  Associated contends that it is entitled to contribution from Hartford because to the extent it was aware of Meacham's status (making him ineligible for benefits), Hartford was also aware and is liable to Associated for its "proportionate share of the damages incurred by Plaintiffs."[3]  Def. Associated's Mem. in Opp. to Def. Hartford's Mot. for Summ. J. [Docket No. 42] at 4.  Further, Associated contends that its claim against Hartford survives even if Plaintiffs' negligence claim against Hartford is preempted.  Associated contends that because a finding of preemption amounts to a technical defense versus a substantive one, Hartford's common liability for Plaintiffs' state law tort claim survives.

The first issue is whether Associated's claim for contribution is preempted by ERISA.  "'Contribution is the remedy securing the right of one who has discharged more than his fair share of a common liability or burden to recover from another who is also liable the proportionate share which the other should pay or bear.'"  <u>Lambertson v. Cincinnati Welding</u>

---

[3] Associated's argument for contribution is based on the theory that Hartford was also negligent because it knew of Meacham's status and yet did not advise Atrix as to the potential problem with coverage.  This is not the argument presented by Atrix: Atrix asserted Hartford was liable under the doctrine of respondeat superior.

Corp., 257 N.W.2d 679, 685 (Minn. 1977) (quoting Hendrickson v. Minn. Power & Light Co., 104 N.W.2d 843, 846 (1960)). As was the case in Travelers, "interpretation of the ERISA-regulated benefit plans forms 'an essential part' of the state-law claims, and contribution liability would exist only because of [Hartford's] involvement in the administration of an ERISA-regulated benefit plan." 497 F.3d at 868. A claim for contribution based on Hartford's alleged negligence would necessarily require this Court to evaluate Hartford's liability arising from its role as a fiduciary and thus require a determination as to whether Hartford breached its duty. Accordingly, although Associated's state law claim for contribution does not reference the plan, it bears an indisputable connection to it requiring preemption.

Associated's argument that its claim for contribution survives an adverse finding that its claim against Hartford is preempted also fails. In Minnesota, a party who avoids liability because of a technical defense versus one on the merits may still be required to share liability under the doctrine of contribution where that party's acts or omissions were otherwise sufficient to subject it to liability. See Horton v. Orbeth, Inc., 342 N.W.2d 112, 114 (Minn. 1984). Even under this rule Associated's claim is preempted by ERISA because it still requires a determination that Hartford acted negligently in its role as fiduciary.

Associated's state law claim for contribution cannot be construed as a claim under ERISA. If Associated is a fiduciary, an ERISA claim for contribution would fail because as the Eighth Circuit has explained ERISA does not provide a right for contribution among co-fiduciaries. See Travelers, 497 F.3d at 867. If Associated is not a fiduciary, then ERISA does not provide it with the right to bring a civil action. 29 U.S.C. § 1132 (providing ERISA participants, beneficiaries, and fiduciaries with the right to bring a civil action under ERISA).

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants Hartford Life Group Insurance Company and CNA Group Life Assurance Company's Motion for Summary Judgment [Docket No. 37] is **GRANTED**.

BY THE COURT:


　　　　s/Ann D. Montgomery　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 15, 2008.